IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD JOSE DUPREE, JR.,

      Plaintiff,                    No. CIV S-11-0263 DAD P

      vs.

UNITED STATES COURT'S OF THE
EASTERN DISTRICT OF CALIFORNIA,

      Defendant.                ORDER
_____/

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. In accordance with the court's March 3, 2011 order, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**SCREENING REQUIREMENT**

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7  Cir. 1989); Franklin, 745 F.2d at 1227.
8  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
9  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
11 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
12 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must
13 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
14 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
15 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
16 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
17 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
18 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
19 The Civil Rights Act under which this action was filed provides as follows:
20 Every person who, under color of [state law] . . . subjects, or causes
   to be subjected, any citizen of the United States . . . to the
21 deprivation of any rights, privileges, or immunities secured by the
   Constitution . . . shall be liable to the party injured in an action at
22 law, suit in equity, or other proper proceeding for redress.
23 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
24 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
25 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
26 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

1  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
2  omits to perform an act which he is legally required to do that causes the deprivation of which
3  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
4        Moreover, supervisory personnel are generally not liable under § 1983 for the
5  actions of their employees under a theory of respondeat superior and, therefore, when a named
6  defendant holds a supervisorial position, the causal link between him and the claimed
7  constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
8  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory
9  allegations concerning the involvement of official personnel in civil rights violations are not
10 sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

12       In the present case, plaintiff alleges that then-United States Magistrate Judge
13 Kimberly Mueller denied him due process and equal protection when she ordered him to file an
14 application to proceed in forma pauperis in his civil actions. According to plaintiff, Judge
15 Mueller's orders are a "stall tactic." In terms of relief, plaintiff requests release from prison and
16 monetary damages. (Compl. at 3.)

**ANALYSIS**

18       Plaintiff's complaint is frivolous and will be dismissed. Plaintiff has not directed
19 any allegations against this court. As noted above, he has only alleged wrongdoing by Judge
20 Mueller. Judge Mueller is absolutely immune from civil liability for acts performed in her
21 judicial capacity. See Mullis v. U.S. Bankruptcy Court, Dist. of Nevada, 828 F.2d 1385, 1394
22 (9th Cir. 1987). "A judge will not be deprived of immunity because the action he took was in
23 error, was done maliciously, or was in excess of his authority; rather, he will be subject to
24 liability only when he has acted in the 'clear absence of all jurisdiction'" Id. (quoting Stump v.
25 Sparkman, 435 U.S. 349, 356-57 (1978). In issuing her orders, Judge Mueller was acting well
26 within her jurisdiction.

3

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 9) is denied; and

2. This action is dismissed as frivolous.

DATED: March 24, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
dupr0263.56